# PAUL J. HOOTEN & ASSOCIATES, PLLC

ATTORNEYS AT LAW
5505 NESCONSET HIGHWAY
SUITE 203
MT. SINAI, NEW YORK 11766
PHONE (631) 331-0547
FAX (631) 331-2627

Website:
www.pjhooten.com

email address:
pjh@pjhooten.com

September 14, 2018

Honorable Elizabeth S. Stong, U.S.B.J.
United States Bankruptcy Court
Eastern District of New York
Conrad B. Duberstein Courthouse
271-C Cadman Plaza East - Suite 1595
Brooklyn, NY 11201-1800

      Re:    Tikqwah Johnson v. Jefferson Capital Systems
               Adversary Proceeding No. 18-01076

Dear Judge Stong:

This firm represents Navient Solutions, LLC ("Navient") in the above-referenced adversary proceeding. I write to you today at the suggestion of your courtroom deputy, Ms. Sheree Jackson.

As your Honor will recall, on August 9, 2018, the Plaintiff and Navient filed a "Stipulation for Dismissal of 'a/s/o SLM Education Credit Finance Corp.' as a Defendant in this Adversary Proceeding," and an Order was entered thereon on August 29, 2018. However, the Order entered by the Court appears to name Navient as a defendant, as reflected in the caption, which is at odds with the intent of the parties.

While Navient currently holds several federally guaranteed loans, in filing her Complaint the Plaintiff only sought to discharge private/non-guaranteed educational loans currently held by Jefferson Capital Systems, the Plaintiff naming the Defendant as "Jefferson Capital Systems, LLC, a/s/o SLM Education Credit Finance Corp." as they were the named Plaintiff in a state court collection action filed against the debtor. However, it appears that the Plaintiff in the state court collection action, and the Defendant herein, was named as such because Jefferson Capital Systems had purchased the private educational loans at issue from Navient on or around October 8, 2013, SLM Education Credit Finance Corporation being a Navient related entity and "a/s/o" appearing to stand for "as subrogee of" in this context. As such, because Navient does hold guaranteed loans the Plaintiff does not seek to discharge, but no longer holds non-guaranteed/private loans the Plaintiff does seek to discharge, the Plaintiff and Navient agreed to stipulate to the dismissal of "a/s/o SLM Education Credit Finance Corporation" as a defendant, so there was no confusion as to whose loans the Plaintiff sought to discharge in the instant adversary proceeding.

In light of the above, and at the suggestion of your deputy Ms. Jackson, we would request that the court enter the attached proposed Order which does not identify Navient as a defendant in the caption, and is in line with the parties' original intent. Alternatively, if the court wishes to keep the caption as amended, Navient would not object if they were specifically dismissed as a defendant in the Order. Navient has consulted with Plaintiff's counsel, Michelle Labayen, in regard to the relief requested herein, and she has no objection.

Thank you for your Honor's attention to this matter.

                                          Respectfully submitted,

By:   */s/ Paul J. Hooten*
         Paul J. Hooten, Esquire
         PAUL J. HOOTEN & ASSOCIATES
         Attorneys for Navient Solutions, LLC

cc:    Michelle Labayen, Esq.